

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-80,865-01

### EX PARTE LAMISHA MARSHALL WILSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 241-0793-12-A IN THE 241ST DISTRICT COURT FROM SMITH COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to manufacture or delivery of a controlled substance, and was sentenced to twenty years' imprisonment. She did not appeal her conviction.

On February 26, 2014, this Court remanded to the trial court to obtain affidavits and findings addressing Applicant's claims that her trial counsel gave her deficient advice and that her guilty plea was not knowingly and voluntarily entered. Trial counsel had provided an affidavit before remand, and provided a second affidavit after remand. In his second affidavit, trial counsel states that when

filing his first affidavit, he had mistaken Applicant's case for that of another individual with a similar set of facts. Counsel's second affidavit is almost the same as his first affidavit, except that in his first affidavit he stated that he advised Applicant as to the incorrect punishment range, and in his second affidavit he states that he advised Applicant as to the correct punishment range applicable to the offense as charged. In his second affidavit, counsel also states that he and Applicant discussed the parole implications of the drug free zone allegation, whereas in his first affidavit he did not mention such discussions. Also, in his second affidavit, counsel makes reference to the possibility that Applicant could have pleaded guilty to the offense with the drug free zone allegation in exchange for a fifteen-year sentence. There is no mention elsewhere in the record of any fifteen-year plea offer. Counsel does not provide any details about what is contained in his files to support the statements he makes in his second affidavit, and does not explain why he filed a sworn affidavit before remand without reviewing those files.

In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall hold a live hearing to resolve the issues in this case. The trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall supplement the habeas record with a transcript of Applicant's original plea proceedings, and with a transcript of the habeas hearing. The trial court shall make findings of fact as to what plea offers were made prior to Applicant's actual plea, and as to what the specific terms of those plea offers were. The trial court shall make findings of fact as to whether trial counsel

correctly advised Applicant of the effect of the drug free zone allegation on Applicant's punishment range and parole eligibility. The trial court shall make findings of fact as to whether Applicant was admonished on the record as to the punishment range she would be facing with and without the drug free zone allegation. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings of fact and conclusions of law as to whether Applicant understood the nature and consequences of her plea. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: July 23, 2014
Do not publish